IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| ROGER DALE DILLARD, JR., | CAUSE NO. CV 06-156-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS FEDERAL CLAIM AND REMAND STATE LAW CLAIMS |
| MONTANA DEPARTMENT OF CORRECTIONS, COMMUNITY COUNSELING and CORRECTIONS SERVICES, INC., and S.T.A.R.T. PROGRAM | |
| Defendants. | |

_____

This matter comes before the Court on a Notice of Removal filed by Defendant Montana Department of Corrections on November 13, 2006. (*Court's Doc. No. 1*). Since the filing of the Notice of Removal, Plaintiff has filed an Amended Complaint (*Court's Doc. No. 3*), a Motion for Appointment of Counsel (*Court's Doc. No. 7*), a Motion for Leave to File a Motion to Amend the Complaint (*Court's Doc. No. 8*) and a Motion to Amend the Complaint. (*Court's Doc. No. 9*). In addition, Defendants Community Counseling and Corrections and S.T.A.R.T. Program filed a Waiver of Reply pursuant to 42 U.S.C. § 1997e(g) on November 26, 2006. (*Court's Doc. No. 4*).

I. **MOTION TO APPOINT COUNSEL**

There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS FEDERAL CLAIM AND REMAND STATE LAW CLAIMS / PAGE 1

*Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  However, the court may appoint counsel to represent an indigent litigant under  28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Id*. (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§ 1983 action)); *see also Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens action).

For reasons stated below, the Court is recommending the dismissal of Plaintiff's sole federal claim, and therefore Plaintiff's motion for counsel will be denied.

## II.  MOTIONS TO AMEND COMPLAINT

Rule 15 of the Federal Rules of Civil Procedure provides that after a party has amended its pleading once, it may only amend by leave of court or by written consent of the adverse parties.  "[L]eave shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a).  As Defendants have not filed a responsive pleading in this matter and have filed no objection to Plaintiff's motions to amend his complaint, the motions will be granted.

The Clerk of Court will be directed to file Plaintiff's proposed amended complaint attached to his Motion to Amend Complaint (*Court's Doc. No. 9-2*) as Plaintiff's Second Amended Complaint.

### III. PRELIMINARY SCREENING OF THE COMPLAINT

Plaintiff filed his complaint as a prisoner seeking redress from a governmental entity and the state court permitted Plaintiff to proceed *in forma pauperis*. Defendants Community Counseling and Corrections and S.T.A.R.T. Program filed a Waiver of Reply pursuant to 42 U.S.C. § 1997e(g). Thus, Plaintiff's second amended complaint is subject to screening under 28 U.S.C. §§ 1915 and 1915A and 42 U.S.C. § 1997e(g), which impose a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 42 U.S.C. § 1997e(g)("(1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. . . .(2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the

complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. \_\_\_\_, 127 S.Ct. 1955, 1964-65 (2007)(quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Finally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

### IV. PLAINTIFF'S ALLEGATIONS

Plaintiff's primary claims are state law claims of medical negligence. Plaintiff's sole federal allegation is that he believes the defendants have violated his constitutional rights under the Eighth Amendment of the United States Constitution. (*Court's Doc. No. 9-2, p. 3, lines 13-15*). This claim is based upon the following facts:

Plaintiff contracted a severe skin infection shortly after arriving at the S.T.A.R.T.

Program while under the care of the Montana Department of Corrections. He brought this infection to the attention of the nursing staff at the S.T.A.R.T. Program. Plaintiff was seen and advised to use a topical face wash and return in two weeks. After two weeks, he was again seen by nursing staff and told to try something else and return in three more weeks. During those three weeks, Plaintiff's conditions grew more severe and he submitted another written request to see the nursing staff but was told to go away. This continued for a total of two months during which he suffered painful blisters on his face and scalp and he began to loose patches of hair due to the infection.

After two months, Plaintiff was seen by nursing staff and given a prescription for Erythromycin. He then had to get his own medications through Indian Health Services. The infection abated after a week or so of taking the medication. Plaintiff has a large bald spot on his left temple where the infection killed his hair follicles.

## V. ANALYSIS

Plaintiff's federal claim arises under the Eighth Amendment of the United States Constitution. The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059; *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)(citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." *McGuckin*, 974 F.2d at 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." *Estelle*, 429 U.S. at 104-105.

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). "[T]he official must both be aware of the facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost*, 152 F.3d at 1128 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)). "This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 citing *McGuckin*, 974 F.2d at 1060. "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Id.*

Plaintiff has not made a sufficient showing of deliberate indifference. Although Plaintiff may have had a condition which required medical treatment, he admits in his complaint that the staff at S.T.A.R.T. was attempting to address those concerns. Specifically, the nursing staff advised Plaintiff to try a topical face wash. When that did not work, Plaintiff was told to try something else. Within two months, Plaintiff was given an antibiotic that took care of the infection in approximately a week. This is not deliberate indifference to a serious medical need. Therefore, Plaintiff cannot state a claim for denial of medical care under the Eighth Amendment of the United States Constitution and this claim will be recommended for dismissal.

## VI. **REMAND**

Even though the Court has recommended the dismissal of Plaintiff's sole federal claim, that does not vitiate the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *See Albingia Versicherungs A.G. v. Schenker Intern. Inc.*, 344 F.3d 931, 938 (2003)(amended on

other grounds 350 F.3d 916(2003)). "Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand in section 1441." *Id.* Section 1441(c) provides, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Given that the only federal claim is being recommended for dismissal and thereafter only state law claims will remain, the Court further recommends that this matter be remanded to the state court for determination of Plaintiff's state law claims.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Plaintiff's Motion for Appointment of Counsel (*Court's Doc. No. 7*) is **DENIED**.

2. Plaintiff's Motions to Amend his Complaint (*Court's Doc. Nos. 8 and 9*) are **GRANTED.** The Clerk of Court is directed to file Plaintiff's proposed amended complaint attached to his Motion to Amend Complaint (*Court's Doc. No. 9-2*) as Plaintiff's Second Amended Complaint.

Further the Court issues the following:

## RECOMMENDATION

Plaintiff's federal claim that he was denied medical care in violation of the Eighth Amendment of the United States Constitution should be dismissed.

This matter should be remanded to the Thirteenth Judicial District, Yellowstone County

District Court pursuant to 28 U.S.C. § 1441(c).  The Clerk of Court should be directed to send a certified copy of the notice of remand to the clerk of court for Yellowstone County, Montana.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date that this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.  A FAILURE TO DO SO COULD RESULT IN THE DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this <u>30th</u> day of August, 2007.

      /s/ Carolyn S. Ostby
     Carolyn S. Ostby
     United States Magistrate Judge